FORD v. KOSSARAS.

1. NEW TRIAL—NEWLY DISCOVERED EVIDENCE.
   Testimony of plaintiffs' witness after trial which varied from the testimony he gave during the trial in action by widow and children for death of husband under the civil damages provision of the liquor control act *held*, not to be newly discovered evidence, where plaintiffs had sufficient time to take depositions, to have conversations with the witness, and the evidence was known prior to the expiration of the time for making a motion for new trial (CLS 1961, § 436.22; GCR 1963, 528.3).

2. SAME—NEWLY DISCOVERED EVIDENCE—DISCRETION OF COURT.
   Denial of motion for new trial by trial court under court rule on grounds of newly discovered evidence *held*, not an abuse of discretion (GCR 1963, 528.3).

Appeal from Genesee; Newblatt (Stewart A.), J. Submitted Division 2 January 5, 1966, at Lansing. (Docket Nos. 20–23.) Decided May 24, 1966.

Declaration by Jean Ford against Gus Kossaras, doing business as Weaver's Bar, for damages for

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur, New Trial § 164 *et seq.*
[2] 39 Am Jur, New Trial § 157.

death of her husband under the civil damages provision of the liquor control act, CLS 1961, § 436.22 (Stat Ann 1959 Cum Supp § 18.993). Similar actions by Bruce Ford, Brenda Ford, and Phyllis Ford for the death of their father. Cases consolidated for trial. Verdict and judgment for defendant. Plaintiffs' motions for new trial denied. Plaintiffs appeal. Affirmed.

*Cline & George,* for plaintiffs.

*Ransom, Fozenbaker & Ransom,* for defendant.

BURNS, J. The above causes were consolidated for trial. Plaintiffs are the widow and the children of William Ford, deceased, who was killed as a result of an automobile accident on December 16, 1960, when his automobile hit a tree.

A witness, Kenneth Tallman, met Ford, on December 15, 1960, in Cleveland, Ohio, and the two left Cleveland about 11:30 in the evening and drove their trucks to Flint, Michigan. After they arrived in Flint, at approximately 6:30 a.m., they checked in at the terminal and then went to the defendant's bar. Tallman rode with Ford and the two waited until the bar opened at 7 a.m. They were in the bar for approximately 3 hours drinking, and left the tavern and went to Tallman's house where they stayed for about 30 to 45 minutes drinking coffee before Ford left for home. On his way home from Tallman's house Ford's automobile left the road, striking a tree, and he was killed as a result of said accident. A jury returned a verdict of no cause of action on October 3, 1963.

On October 22, 1963, the plaintiffs made a motion for a new trial on two grounds; 1, that the verdict was contrary to the great weight of the evidence

and 2, that the verdict was contrary to law. An answer to this motion was filed on October 30, 1963. November 29, 1963, 57 days after the verdict was rendered, the plaintiffs filed a further motion for a new trial and based it on newly discovered evidence.

The motion for a new trial was denied by the trial judge in a well-written opinion on December 11, 1963.

The appellants appealed, claiming that the trial judge abused his discretion by refusing to grant a new trial under the provisions of GCR 1963, 528.3 on the grounds of newly discovered evidence. This section reads as follows:

"Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; et cetera. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under subrule 527.2; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party."

It is the appellants' claim that a statement of Kenneth Tallman, taken by the appellants' attorney on November 29, 1963, at the veterans' hospital in Ann Arbor, Michigan, is so inconsistent with his testimony on the witness stand as to amount to newly discovered evidence.

A pretrial deposition was taken of the witness and the appellants' counsel was present. The witness was also called by the appellants for examination and was the plaintiffs' witness.

At the trial the witness, in effect, was asked how many drinks that Ford had in the defendant's bar

and he answered several. He further testified that
he didn't know if the deceased was sleepy or not.

When questioned on November 29, 1963, he stated
as follows:

"*Q.* Now, what were you drinking? Do you re-
member?

"*A.* I was drinking beer.

"*Q.* And you were playing with Kossaras weren't
you?

"*A.* Playing pool with Gus Kossaras.

"*Q.* Do you remember how many you had?

"*A.* The exact number? No.

"*Q.* Well, can you give us an idea?

"*A.* I would say in the neighborhood of a dozen.

"*Q.* A dozen. Now, do you remember how many
drinks Bill Ford had?

"*A.* Well, not without counting them and not
knowing, I would still say that he had drink for
drink with me.

"*Q.* Well did he have more than 12?

"*A.* It's a possibility. I didn't count them. I
don't know."

It is the result of this testimony that the appel-
lants base their claim for a new trial, contending
that it is newly discovered evidence. It is the
Court's opinion that great significance can be placed
on the following questions and answers which are
part of the statement of Mr. Tallman taken on
November 29, 1963:

"*Q.* So when I said, 'What did Mr. Ford do?'
and you said, 'He was just sitting there drinking
coffee and talking.' and I asked you, 'Did he do any-
thing else?' and you said, 'No.' actually he did,
didn't he? He did fall asleep at the table?

"*A.* Yes.

"*Q.* So he did do something else? He did fall
asleep?

"*A.* Yes.

"*Q.* All right.

"*A.* But you had that in before, too, somewhere. I told you that before.

"*Q.* You told me that on a statement before?*

"*A.* Yes.

"*Q.* But you didn't tell me that during the time of the trial.

"*A.* You didn't ask me."

Any testimony of Kenneth Tallman that the plaintiffs' attorney did not elicit at the time of trial is not newly discovered evidence. The appellants had sufficient time to take depositions, to have conversations with the witness, and it was known prior to the expiration of the time for making a motion for a new trial. The trial judge did not err in refusing to grant a new trial.

Judgment is affirmed. Costs to the appellee.

T. G. KAVANAGH, P. J., and McGREGOR, J., concurred.

---

* The statement mentioned was the pretrial deposition of the witness.